UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10943-RWZ

OAHN NGUYEN CHUNG, et al.

v.

STUDENTCITY.COM, INC.

ORDER

September 9, 2011

ZOBEL, D.J.

Lisa Tam Chung and plaintiff Loren Daily embarked on a student tour of Mexico organized by defendant StudentCity.com, Inc. ("StudentCity"). A boating accident occurred during the trip; Loren nearly drowned and Lisa was killed. In a First Amended Complaint, Docket # 6, Lisa's parents Oahn Nguyen Chung and Liem Chung, Oahn Nguyen Chung as administratrix of Lisa's estate, Loren Daily, and Loren Daily's parents Ollie and Patricia Daily all sue StudentCity.com for (1) negligence; (2) gross negligence; and (3) unfair and deceptive acts in violation of Mass. Gen. Laws ch. 93A, and Oahn Nguyen Chung sues as administratrix for (4) conscious pain and suffering. StudentCity moves to dismiss on the basis of a mandatory arbitration clause contained in the terms and conditions of the contract to undertake the trip, and in the alternative, to stay any claims that are not subject to arbitration pending the outcome of arbitration on those claims properly dismissed.

I.  **Background**

Lisa Chung and Loren Daily signed up for a 2008 post high-school graduation trip to Cancun, Mexico, marketed by StudentCity and added, at additional cost, the option of a snorkeling excursion. On June 7, 2008, the two, along with other tour participants, boarded a vessel as part of the snorkeling excursion. According to the complaint, the vessel collided with a reef and partially sank. The two donned life preservers and jumped into the water. They somehow became trapped beneath the hull of either the snorkeling boat or a rescue boat. Loren was pulled from the water without serious injury. Oahn was submerged for a longer time. She was ultimately pulled from the water with some vital signs, but brain dead, and she was formally pronounced dead in Texas on June 10, 2008.

II. **Analysis**

A.  **Claims of Oahn Chung as Administratrix of the Estate of Lisa Chung**

Lisa Chung signed a StudentCity registration form before embarking on the trip. The form states that it is "not intended to be [a] complete description[] of all terms, exclusions, and conditions" and it lists where and how the complete terms and conditions, contained in the StudentCity Customer Agreement ("Agreement"), could be obtained. Docket # 7, Ex. A. Whenever Lisa Chung, or any other trip participant, made an online payment, the website required the payee to check a box agreeing to the terms set forth in the Agreement. The Agreement includes an "Arbitration" clause which states that "any dispute concerning, relating or referring to this Agreement, the

2

brochure/flier/website/invoice or any other literature concerning my Trip, the Trip itself or any claim for damages due to injury or death which occurs on the Trip shall be resolved exclusively by binding arbitration." Section XXIV, Docket # 7 Ex. B.

When Lisa Chung signed the registration form and made the online payments she consented to the terms of the Agreement, including this arbitration clause, and any claim brought on her behalf by her estate is bound by that clause. Plaintiffs respond that the judicial review provision of the Agreement impermissibly expands the scope of review beyond that allowed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. This invalid provision of the Agreement, they assert, is a "material term" whose absence renders at least the entire arbitration clause void under general principles of contract law.

Assuming arguendo that the Federal Arbitration Act governs and the judicial review provision is invalid, plaintiffs cite no authority that supports the proposition that this more expansive review is so essential to the arbitration clause that, in its absence, the clause itself becomes null. The Supreme Court case on which plaintiffs rely, Hall St. Assocs., L.L.C., v. Mattel, Inc., 552 U.S. 576 (2008), expressly declined to consider whether judicial review clauses are severable, id. at 587 n.6. Such judicial review provisions were, until Hall St. Assocs., enforceable in many of the federal courts of appeal, id. at 583 n.5., and plaintiffs' legal argument would therefore result in wholesale invalidation of arbitration clauses. To the extent plaintiffs argue that they would not have entered into this Agreement if judicial review of arbitration were circumscribed, that argument is undermined by the inclusion of a "Severability" clause in the Agreement. Section XXVII.

### B. Oahn and Liem Chung

The parents of Lisa Chung sue not on the basis of any duty, contract or tort, owed to them and breached by defendants, but under the aegis of the Commonwealth's wrongful death statute. The parties dispute whether Lisa Chung's consent to the arbitration clause forecloses the executor of the estate from bringing a wrongful death action on behalf of the statutorily designated beneficiaries. They cite no relevant authorities and this appears to be a novel question of Commonwealth law.

The wrongful death cause of action was created by statute. Mass. Gen. Laws ch. 229. The damages are, in short, the loss to certain statutorily designated individuals resulting from decedent's demise, id. at § 2, and those damages are distributed to the designees, id. at § 1, not the estate. Wrongful death is not, in any traditional sense, a claim of the decedent. See Gaudette v. Webb, 284 N.E.2d 222, 230 (Mass. 1972) (explaining that, although the executor of the decedent's estate brings a wrongful death claim, "[i]n a very real sense . . . it is the [beneficiaries'] cause of action," and tolling the applicable statute of limitations because the beneficiaries were minors).

Because wrongful death is not derivative of the decedent's claim, it would be inconsistent with fundamental tenets of contract law to nonetheless hold that those beneficiaries, who did not sign an arbitration agreement, are bound by the decision of the decedent, whose estate holds no interest in this claim, to sign an arbitration clause. See Lawrence v. Beverly Manor, 273 S.W.3d 525, 527-29 (Mo. 2009) (holding that a wrongful death lawsuit was not barred by an agreement to arbitrate the decedent's claims and claims derivative therefrom); Peters v. Columbus Steel Castings Co., 873

N.E.2d 1258 (Ohio 2007) (holding that a wrongful death lawsuit was not barred by the decedent's agreement to arbitrate). This conclusion is not contrary to Tobin v. Norwood Country Club, 661 N.E.2d 627, 634 (Mass. 1996), which held that a wrongful death claim was limited by the comparative negligence of the decedent. That holding relied on the broad language of the Commonwealth comparative negligence statute, not the wrongful death statute, and expressly declined to consider any argument that the wrongful death claim was derivative of the decedent's own claims.

### C. The Daily Family

Loren Daily was a minor, age 17, during the relevant time period. Her registration form was signed "Patricia Daily," the name of her mother. Docket # 16, Ex. 2. As with Lisa Chang, online payments were made and in each instance the payee clicked a box agreeing to the terms set forth in the Agreement. Under Commonwealth law, when a parent signs a contract on behalf of a minor, the contractual terms are enforceable against the minor. See, e.g., Sharon v. City of Newton, 769 N.E.2d 738, 745-47 (Mass. 2002).

Patricia Daily responds, by affidavit, that she did not sign the registration form. Docket # 18, Ex. 1. Defendant says that the Daily plaintiffs should be estopped from making such an argument because, regardless of who signed the form, Lauren Daily's trip was paid for using her parents' credit card and they therefore were on notice to inquire as to the contract terms. There is, however, no evidence in the record as to the holder of the relevant credit card. For the moment, pending additional evidence from the defendant that Patricia Daily, in fact, paid for the trip, the Daily plaintiffs are not required to arbitrate their claims.

## III. Conclusion

Defendant's motion to dismiss (Docket # 14) is ALLOWED as to the claims of Oahn Nguyen Chung as administratrix of Lisa Tam Chung's estate brought on the estate's behalf, DENIED as to the wrongful death claims brought on behalf of Oahn and Liem Chung, and DENIED WITHOUT PREJUDICE as to the claims of the Daily plaintiffs. Defendant's alternative request for a stay is DENIED. Plaintiffs' motion for leave to file supplemental authority (Docket # 22) is ALLOWED.

September 9, 2011
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE