UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10943-RWZ

OAHN NGUYEN CHUNG, *et al.*

v.

STUDENTCITY.COM, INC.

ORDER

December 12, 2013

ZOBEL, D.J.

Recent high school graduates Lisa Tam Chung and Loren Daily participated in a trip to Mexico organized by defendant StudentCity.com, Inc. ("StudentCity"). A boating accident occurred during a snorkeling excursion. Lisa died; Loren barely escaped with her life. Lisa's parents, Oahn Nguyen Chung and Liem Chung, Oahn Nguyen Chung as administratrix of Lisa's estate, Loren Daily, and Loren's parents, Patricia and Ollie Daily, filed several claims against defendant. The customer agreement Lisa and Loren signed contains a mandatory arbitration clause, Docket # 1-3 § XXIV, and in two prior orders (Docket ## 26, 42), I dismissed in favor of arbitration all claims save for the wrongful death claims brought by Lisa's parents. See Mass. Gen. L. ch. 229 § 2. Now before me is defendant's motion to dismiss, Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment on, id. 12(d), these remaining claims (Docket # 47).

**I.   Analysis**[1]

   **A.   Motion to Dismiss**

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations as true. Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007). A complaint must allege "a plausible entitlement to relief" in order to survive a motion to dismiss, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007), and "[w]hile a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds for his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (second alteration in original) (internal quotations and citations omitted).

Plaintiffs contend that defendant negligently selected Servicios Maritimos, a Mexican boat company, to lead the snorkeling excursion. Docket # 1 at ¶ 116; see Weinberg v. Grand Circle Travel, L.L.C., 891 F. Supp. 2d 228, 249 (D. Mass. 2012). At this stage in the litigation, and giving plaintiffs the benefit of all reasonable inferences, I cannot conclude that plaintiffs' claims for relief are so wholly implausible as to permit their resolution on a motion to dismiss. Defendant's Rule 12(b)(6) motion is therefore denied.

   **B.   Summary Judgment**

Defendant moves in the alternative for summary judgment. Plaintiffs oppose on the merits and because they have not had adequate opportunity to conduct discovery.

---

[1] My two prior orders explain the relevant facts, and I do not repeat them here.

They identify numerous facts that require additional development, including oral and written representations defendant made to Lisa, Loren, and their parents, a recommendation regarding Servicios Maritimos that defendant sought and received from a tourism official in the Mexican government, and the presence of defendant's staff members on the trip. Docket # 51 at 9-11.

Federal Rule of Civil Procedure 56(d)–formerly Rule 56(f), see Godin v. Schencks, 629 F.3d 79, 90 & n.19 (1st Cir. 2010)–represents "a procedural 'escape hatch' for a party who genuinely requires additional time to marshal 'facts essential to justify [its] opposition' when confronted by a summary judgment motion." Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir. 1988) (quoting Hebert v. Wicklund, 744 F.2d 218, 221 (1st Cir. 1984)). "The rule is intended to safeguard against judges swinging the summary judgment axe too hastily." Resolution Trust Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994). A party seeking to invoke Rule 56(d) must generally show in a timely proffer (1) good cause for not obtaining the sought-after facts sooner; (2) a plausible basis for its belief that those facts exist; and (3) that it will discover those facts in a reasonable amount of time. Morrissey v. Boston Five Cents Sav. Bank, 54 F.3d 27, 35 (1st Cir. 1995). The district court has substantial discretion to grant relief under the Rule. Id. (stating review of a Rule 56(d) denial is for abuse of discretion).

Discovery has not yet begun in this matter. Defendant has not answered the complaint and the parties have not had a discovery scheduling conference. See Fed. R. Civ. P. 16; 26(f). Much of the factual information plaintiffs desire is in defendant's

control and can be turned over expeditiously.  That information may affect the determination of whether defendant voluntarily undertook a duty to ensure the safety of trip participants, and whether defendant knew or should have known about Servicios Maritimos's dubious prior safety record, if indeed it exists.  Because these facts pertain to the essential elements of a negligence claim, see <u>Siegal v. Am. Honda Motor Co.</u>, 921 F.2d 15, 17 n.4 (1st Cir. 1990) (citing <u>Beaver v. Costin</u>, 227 N.E.2d 344, 345-46 (Mass. 1967)), they bear directly on the outcome of the summary judgment motion.  Rule 56(d) relief is appropriate in these circumstances.

## II.  Conclusion

Defendant's motion to dismiss (Docket # 47) is DENIED.  I reserve on its alternative motion for summary judgment.

Each party shall have until February 28, 2014, to conduct discovery and supplement the record as it sees fit.  The parties shall cooperate to facilitate this process.  I will rule on the motion for summary judgment after the discovery deadline has elapsed.

|  December 12, 2013  | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |